IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

Trustees of the NEW MEXICO PIPE TRADES HEALTH
& WELFARE TRUST FUND; Trustees of the NEW MEXICO
PIPE TRADES JOINT APPRENTICESHIP TRUST
FUND; Trustees of the NEW MEXICO PIPE TRADES PENSION
PLAN B TRUST FUND and BUILD NEW MEXICO,

   Plaintiffs,

v.             No.

SUPERIOR MECHANICAL CONTRACTORS, INC.,
a New Mexico Corporation,

   Defendant.

**COMPLAINT FOR DELINQUENT CONTRIBUTIONS UNDER ERISA §515, AND FOR INJUNCTIVE RELIEF FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT**

## JURISDICTION

1. This action arises under §§ 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 USC §§ 1132 and 1145, respectively ("ERISA"). This Court has jurisdiction pursuant to 29 USC § 1132(e)(1).

## VENUE

2. Venue is appropriate in the District of New Mexico pursuant to § 502(e)(2) of ERISA, 29 USC § 1132(e)(2), as the place where all of the collectively bargained multiemployer trust funds are administered and where the Defendant took advantage of the labor agreements and their benefits.

## PARTIES

3. Plaintiff Board of Trustees of the New Mexico Pipe Trades Health & Welfare Trust Fund ("Health & Welfare Trust Fund") is a collectively bargained multiemployer welfare benefit trust fund within the meaning of §3(1) of the Employee Retirement Income Security

Act ("ERISA"), 29 USC §1002(1), and subject to the provisions of §302(c)(5) of the Labor Management Relations Act ("LMRA"), 29 USC §186(c)(5).

4. Plaintiff Board of Trustees of the New Mexico Pipe Trades Joint Apprenticeship Trust Fund ("Joint Apprenticeship Trust Fund") is a collectively bargained multiemployer welfare benefit trust fund within the meaning of §3(1) of the Employee Retirement Income Security Act ("ERISA"), 29 USC §1002(1), and subject to the provisions of §302(c)(5) of the LMRA, 29 USC §186(c)(5).

5. Plaintiff Board of Trustees of the New Mexico Pipe Trades Pension Trust Fund Plan B ("Pension Plan B Trust Fund") is a collectively bargained multiemployer pension benefit trust fund within the meaning of §3(2) of ERISA, 29 USC §1002(2), and subject to the provisions of §302(c)(5) of the LMRA, 29 USC §186(c)(5).

6. Plaintiff Board of Trustees Build New Mexico ("Build New Mexico") is a Labor Management Cooperation Committee trust fund organized under the LMRA, § 302(c)(9), 29 USC § 186(c)(9), and the Labor Management Cooperation Act, 29 USC § 175(a).

7. Upon information and belief, Defendant Superior Mechanical Contractors, Inc. ("Superior") is a New Mexico Corporation authorized to do business in New Mexico and is an employer within the meaning of §§3(5) and 515 of ERISA, 29 USC §§1002(5) and 1145, and is engaged in an industry affecting commerce.

## FACTUAL ALLEGATIONS

8. The United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada, Local Union 412 ("Local Union 412") is a labor organization as defined by § 2(5) of the LMRA, 29 USC § 152(5), and represents

employees in an industry affecting commerce.

9. At all times relevant to this claim, Superior was bound to a written Collective Bargaining Agreement ("CBA") with Local Union 412, under which Superior was required promptly to report and make monthly fringe benefit payments to the respective Trust Funds. In executing the CBA, Superior agreed also to be bound by all the terms and conditions of the Agreements and Declarations of Trust of the Trust Funds (the "Trust Agreements").

10. At all times relevant herein, the CBA and the Trust Agreements have been in full force and effect.

11. Under the CBA and at all times relevant to the Trust Agreements, Superior was obligated to pay the following monthly fringe benefit contributions for each employee-hour worked:

    a. $5.60 to the Health & Welfare Trust for the period March 1, 2010 through September 30, 2010;

    b. $0.65 to the Apprenticeship Trust Fund for the period March 1, 2010 through September, 2010;

    c. $0.75 to the Pension Plan B Trust Fund for the period March 1, 2010 through September, 2010; and

    d. $0.02 to Build New Mexico for the period March 1, 2010 through September, 2010.

12. Upon information and belief, Superior employed workers covered by the provisions of the CBA, and those workers performed work and labor required by Superior, which was covered by the CBA.

## **CLAIMS FOR RELIEF**

## **COUNT I: DELINQUENT CONTRIBUTIONS**

13. Plaintiffs adopt and incorporate by reference the allegations contained in the foregoing paragraphs 1 through 12.

14. This is a claim against Superior for recovery of delinquent contributions from Superior due on behalf of employees of Superior covered by the CBA to the Health & Welfare Trust Fund, the Apprenticeship Trust Fund, the Pension Plan B Trust Fund, and Build New Mexico.

15. Superior continues to perform covered work under the terms of the CBA and owes additional fringe benefits on the hours worked by covered employees.

16. The Trustees have engaged the services of an accounting firm to conduct a targeted audit of the delinquent employer's books and records, and are incurring auditing fees as a result of the employer's delinquency.

17. The amounts in this Complaint are based on the monthly employer reporting forms filed by Superior. Plaintiffs intend to supplement the amounts owed in this Complaint upon completion of the audit.

18. Pursuant to the terms of the CBA, the Trust Agreements, and the Collections Procedures adopted by the Boards of Trustees of the Trust Funds, Superior owes **$55,283.09** in unpaid employer contributions for the period March 1, 2010 through September, 2010, as follows:

      a.    $44,710.46 to the Health & Welfare Trust Fund;

      b.    $5,189.62 to the Apprenticeship Trust Fund;

  c.  $5,223.39 to the Pension Plan B Trust; and

  d.  $159.62 to Build New Mexico;

**TOTAL**  **$55,283.09**

19. Pursuant to the CBA, the Trust Agreements, the Collections Procedures, and §502(g)(2)(B) of ERISA, 29 USC §1132(g)(2)(B), Superior owes interest at the rate of eighteen percent (18%) per annum on all unpaid contributions which will continue to accrue until the unpaid contributions are paid in full.

20. Further, pursuant to the CBA, the Trust Agreements, the Collections Procedures, and §502(g)(2)(C)(ii) of ERISA, 29 USC §1132(g)(2)(C)(ii), Superior owes liquidated damages at the rate of eighteen percent (18%) per annum on all unpaid contributions sixty (60) days past due which liquidated damages will continue to accrue until the unpaid contributions are paid in full.

21. The CBA and the Trust Agreements that established the Trust Funds provide that each employer must file a payroll report before the fifteenth day of the month following the work month and if the report is not filed or postmarked by the fifteenth day of the month it is delinquent. The Collections Procedures adopted by the Boards of Trustees provide that Employers who do not file reports or who file them late will be assessed a late charge of $150 per month until the date the report is filed. Superior has failed to file reports or has filed its reports late for the work months of January – September, 2010 for a total late filing fee of **$1,350.00.**

**COUNT II- INJUNCTIVE RELIEF FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT**

22. Plaintiffs adopt and incorporate by reference the allegations contained in the foregoing paragraphs 1 through 21.

23. The Collections Procedures adopted by the Trustees of the New Mexico Pipe Trades Trust Funds state in part:

    2. **PROCEDURES FOR POSTING EMPLOYER SECURITY**

    2.1. **Amount of Bond or other Security.** Every Employer shall provide security to the Trustees for the payment of the anticipated amount of two (2) months' fringe benefit contributions, including contributions required to be made to the following:

- **New Mexico Pipe Trades Health & Welfare Trust Fund** (for health and welfare safety contributions);
- **New Mexico Pipe Trades Pension Trust Fund** (for employer and elective 401K contributions);
- **New Mexico Pipe Trades Joint Apprenticeship Trust Fund**;
- **Build New Mexico**

    2.3. **Semi-Annual Review of Bond.** Twice a year, in its discretion, the Trustees will recalculate the amount of the required security using the Employer's reported fringe benefit contributions for the previous twenty-four months. If the amount calculated is different from the current bond, the Employer shall be notified to increase or decrease the amount of the bond to the dollar tier listed below that is just below the calculated amount. The tiers are: $2,500, $5,000, $7,500, $10,000, $20,000, $30,000; $40,000; $50,000; $60,000; $70,000; $80,000; $90,000; $100,000; $120,000, and continuing in increments of $20,000 thereafter.

    2.4. **Occasional Review of Bond.** If the Trustees receive information that they deem to be reliable indicating that the number of the Employer's covered employees will increase in the reasonably foreseeable future, the Trustees may require that the Employer increase the amount of its bond proportionately.

24. The $5,000.00 bond that was provided to the Trust Funds by Superior for the benefit of the Health and Welfare, Pension Plan B, and Apprenticeship Trust Funds, and Build New Mexico is unsigned and is, therefore, invaild.

25. Superior has been repeatedly notified of its requirement to provide the Trust Funds with a fully executed form of bond but has failed to do so.

26. Plaintiffs require a valid bond in the amount of $20,000.00, which is approximately two months of Superior's fringe benefit contributions reflected on the employer payroll reports that have been filed by Superior for the period January 1, 2010 – September 30, 2010.

27. Plaintiffs are entitled to injunctive relief in the form of an Order compelling Superior to procure and produce a bond in the amount of $20,000.00 or to an award of $20,000.00 for deposit at Union Savings Bank, with Plaintiffs reserving withdrawal powers to themselves, for use as security for the payment of future fringe benefits until conditions prescribed in the CBA and Trust Agreements are fulfilled. This amount is in addition to the payment of delinquent contributions, interest, liquidated damages, costs, audit fees and attorneys fees.

## COUNT III - COSTS AND ATTORNEYS' FEES

28. Plaintiffs have incurred and will continue to incur auditing fees and expenses because of Superior's delinquencies and under the terms of the Trust Agreements, Collection Procedures, and ERISA, and Plaintiffs are entitled to an award of those fees and expenses.

29. Plaintiffs have incurred and will continue to incur attorneys fees and costs

because of Superior's delinquencies and are entitled to an award of attorneys fees and costs, pursuant to § 502(g)(2)(D) of ERISA, 29 USC § 1132(g)(2)(D), the terms of the Trust Agreements and Collections Procedures.

## PRAYER

**WHEREFORE**, plaintiffs pray for judgment as follows:

    A.    For the sum of **$55,283.09** representing unpaid monthly fringe benefit contributions owed by Superior for the period for the period March 1, 2010 through September 30, 2010, as follows:

        a.    $44,710.46 to the Health & Welfare Trust Fund;

        b.    $5,189.62 to the Apprenticeship Trust Fund;

        c.    $5,223.39 to the Pension Plan B Trust; and

        d.    $159.62 to Build New Mexico;

**TOTAL**    **$55,283.09**

    B.    For interest on the unpaid fringe benefits at the rate of eighteen percent (18%) per annum, plus interest as it continues to accrue on the unpaid contributions until paid in full or through the date of judgment.

    C.    For liquidated damages on the unpaid fringe benefits at the rate of eighteen percent (18%) per annum, plus liquidated damages as they continue to accrue on the unpaid contributions until paid in full or through the date of judgment.

    D.    For the sum of **$1,350.00** representing late filing fees owed by Superior for the months of January – September, 2010.

    E.    For an Order compelling Superior to obtain a surety bond in the amount of

$20,000.00 for the benefit of Plaintiffs, or to post a cash collateral deposit of $20,000.00 with Union Savings Bank in Albuquerque, New Mexico;

 F. For Plaintiffs' attorneys' fees and costs;

 G. For Plaintiffs' audit fees and costs;

 H. Pre-Judgment and Post-Judgment interest at the highest rate allowed by law;

 I. For such other and further relief as this Court deems appropriate.

Respectfully submitted,

WALKER & VAN HEIJENOORT PC

Electronically Filed

By: /s/ William G. Walker
  William G. Walker
  4263 Montgomery NE
  Suite 230
  Albuquerque, New Mexico   87109
  Tel: (505) 242-2800
  Fax: (505) 242-4242

  Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I certify that on November 1, 2010, I served the foregoing on the following non-CM/ECF participants, by Certified Mail, Return Receipt Requested, as required by 502(h) of the Employee Retirement Income Security Act of 1974, 29 USC § 1132(h):

Secretary of the Treasury
Internal Revenue Service
PO Box 13163
Baltimore  MD  21203
Attn: Employee Plans

Secretary of Labor
200 Constitution Avenue NW
Washington  DC  20210
Attn: Assistant Solicitor for Plan Benefits
           Security

/s/ William G. Walker
_____
William G. Walker
Attorney for Plaintiffs

U:\Angela\PIPES COLLECTIONS\superior mechanical 2010\final complaint - november 1 2010.doc

**COMPLAINT FOR DELINQUENT FRINGE BENEFIT CONTRIBUTIONS UNDER ERISA §515 AND BREACH OF COLLECTIVE BARGAINING AGREEMENT**
**PAGE 10**