IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

Trustees of the NEW MEXICO PIPE TRADES
HEALTH & WELFARE TRUST FUND, Trustees
of the NEW MEXICO PIPE TRADES JOINT
APPRENTICESHIP TRUST FUND, Trustees of
the NEW MEXICO PIPE TRADES PENSION PLAN
B TRUST FUND, BUILD NEW MEXICO,
PLUMBERS AND PIPEFITTERS NATIONAL
PENSION PLAN, and INTERNATIONAL TRAINING
TRUST FUND,

      Plaintiffs,

v.                                                                                                      No. CIV 10-1032 JB/RLP

SUPERIOR MECHANICAL CONTRACTORS,
INC., ULLRICKI HARGER, WENDELL HARGER,
and MARK HARGER

      Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Motion for Permission to Withdraw as Counsel for Defendants, filed October 14, 2011 (Doc. 35)("Motion to Withdraw"). The Court held a hearing on November 4, 2011. The primary issue is whether the Court should allow the Defendants' attorneys, Keleher & McLeod and Jackson Lewis LLP ("Defendants' Counsel"), to withdraw as counsel of record. Because communication between the Defendants and their counsel of record has broken down, and because the lawyers have no authority to proceed in this case on the Defendants' behalf, the Court will grant the Motion to Withdraw. The Defendants Wendell Harger, Mark Harger, and Ullricki Harger (the "Individual Defendants"), must still proceed pro se and argue the Plaintiffs' Motion for Summary Judgment Against Defendants and Supporting Memorandum, filed September 30, 2011 (Doc. 33)("Motion for Summary Judgment"), if they do not obtain new

counsel, or else face a default judgment. Additionally, Defendant Superior Mechanical Contractors, Inc., a corporation, cannot proceed and must retain new counsel to argue the Motion for Summary Judgment, or else face the Court entering a default judgment against it.

**PROCEDURAL BACKGROUND**

The Defendants' Counsel filed this Motion to Withdraw on October 14, 2011. In the Motion to Withdraw, the Defendants' Counsel stated that "professional considerations require termination of the attorney-client relationship between" themselves and the Defendants. Motion to Withdraw at 1. They also note that the "Defendants have instructed" them "to do no further work on this case." Motion to Withdraw at 1. The Defendants' Counsel represent that they have informed the Defendants of all pending deadlines in this matter. See Motion to Withdraw at 2. The Defendants' Counsel state that the Defendants have informed them that Albuquerque, New Mexico attorney Gary Larkin will soon file a bankruptcy proceeding on the Defendants' behalf. See Motion to Withdraw at 2.[1] The Defendants' Counsel state that their withdrawal will not have a materially adverse effect on the Defendants' interests in this matter. See Motion to Withdraw at 2. The Defendants' Counsel also noted that, pursuant to D.N.M.LR-Civ. 83.8(c), they have, in filing this Motion to Withdraw, notified the Defendants that a corporation or partnership may appear in the United States District Court for the District of New Mexico only with an attorney and that, absent the entry of appearance by a new attorney, any filings they make "may be stricken and default judgment or other sanctions imposed." Motion to Withdraw at 2. Thus, the Defendants' Counsel request that the Court permit them to withdraw as counsel of record for the Defendants. See Motion to Withdraw at 2.

On March 25, 2011, the Plaintiffs filed their Plaintiffs' Response to Defendants' Motion for

---

[1] The Motion to Withdraw does not specify which Defendants will file for bankruptcy. See Motion to Withdraw at 2.

Permission to Withdraw as Counsel for Defendants.  See Doc. 38 ("Response").  The Plaintiffs noted that these motions are generally a matter between clients and their attorneys, and thus attorneys rarely oppose them.  See Response at 1.  The Plaintiffs note, however, their concern that the Defendants' Counsel's withdrawal will have the effect of delaying the resolution of this case. See Response at 1.  They note that the Defendants have not opposed their Motion for Summary Judgment, and the deadline for opposing the Motion for Summary Judgment has now passed.  See Response at 1.  They note that any delay in the entry of judgment in the Plaintiffs' favor as a result of the Defendants' Counsel's withdrawal is unacceptable.  See Response at 1.  The Plaintiffs also point out that a bankruptcy filing would stay this proceeding.  See Response at 1.  They contend that the Defendants' debts are not dischargeable in bankruptcy, and thus this case will remain open until the bankruptcy proceedings close.  See Response at 1-2.  They argue that this delay would be a waste of time and money.  See Response at 2.

On November 3, 2011, the Defendants' Counsel filed their Reply in Support of Motion for Permission to Withdraw as Counsel for Defendants.  See Doc. 40 ("Reply").  The Defendants' Counsel note that the Plaintiffs do not present any reason that addresses the underlying bases for withdrawal under the applicable authority.  See Reply at 1.  They contend that the Plaintiffs object, because of their concern that a withdrawal might affect the Plaintiffs' interests, and note that any potential delay has no adverse material effect on the Defendants.  See Reply at 1.  The Defendants' Counsel note that no bankruptcy filing has taken place to this date, but they have not been able to obtain more definite information from Mr. Larkin on the timing of such a filing.  See Reply at 1-2. They argue that further representation of the Defendants is unreasonable, "as there has been no directive from the clients other than to do no further work on this case," and there has been no "response to inquiry from counsel inviting clients to contact Defense Counsel."  Reply at 2.  They

contend that the Plaintiffs have not supported with any authority their statement that the Defendants' debts are not dischargeable in bankruptcy. See Reply at 2. They also note that, under the applicable authority, the Plaintiffs' arguments are not persuasive that the Individual Defendants in this case will have any remaining liability under ERISA for unpaid plan contributions. See Reply at 2.

On November 4, 2011, the Court set a hearing on the Motion for Summary Judgment and the Motion to Withdraw. At the hearing, the Court noted it was concerned about hearing arguments on the Motion for Summary Judgment without first addressing the Motion to Withdraw. See Transcript of Hearing at 2:15-18 (taken November 4, 2011)(Court)("Tr.").[2] The Defendants' Counsel explained that they have no authority to enter into any potential settlement on behalf of the Defendants. See Tr. at 2:23-3:3 (Archuleta). The Defendants' Counsel also explained that they have no authority to argue on the Motion for Summary Judgment in this case. See Tr. at 3:12-16 (Archuleta). The Defendants' Counsel stated that, if the Court withheld filing an order on this Motion to Withdraw for a short period of time, that they may be able to get their clients to agree to a form of judgment, and avoid some time and effort on the part of the Court and the parties. See Tr. at 3:17-23 (Archuleta). The Defendants' Counsel suggested that a couple of days later or a point in time during the following week would be an appropriate time to file the order on the Motion to Withdraw. See Tr. at 4:19-25 (Archuleta). The Plaintiffs noted that this was a possible solution, but argued that, because the Defendants have failed to respond to the Motion for Summary Judgment, that they would prefer to move forward on the Motion for Summary Judgment. See Tr. at 5:19-6:10 (Walker). The Plaintiffs argued that the debts at issue in this case are not dischargeable in bankruptcy. See Tr. at 6:13-7:10 (Walker). The Defendants' Counsel contended that the

---

[2] The Court's citations to the transcript of the hearing refers to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

Defendants would still have several bases on which to respond to the Motion for Summary Judgment. See Tr. at 8:8:17 (Archuleta). The Defendants' Counsel reiterated the difficulty of acting on the Defendants' behalf without specific instructions. See Tr. at 8:18-24 (Archuleta). The Defendants' Counsel argued that the applicable considerations are the difficulties in communication between the attorneys and the Defendants, and the inability of the attorneys to act as a reasonably effective advocate for their clients. See Tr. at 8:25-9:12 (Archuleta). The Plaintiffs noted that, if the Court is inclined to grant the Motion to Withdraw, it would prefer the solution the Defendants' Counsel suggested of negotiating a stipulated judgment. See Tr. at 9:18-23 (Walker). The Court recognized the difficulty of the Defendants' Counsel's position and noted that the Defendants are effectively operating pro se at the moment. See Tr. at 10:2-6 (Court). The Court orally granted the Motion to Withdraw and agreed to delay entry of a written order for several days. See Tr. at 10:7-13 (Court). The Court stated that it would include in the order a statement that Superior Mechanical would need to obtain counsel or else it would be in a position of potentially facing a default judgment, based on its status as a corporation. See Tr. at 10:19-22 (Court). The Court stated that it would also notify the Individual Defendants that they would need to retain an attorney or be prepared to argue the Motion for Summary Judgment themselves. See Tr. at 10:22-25 (Court).

## **RELEVANT LAW ON WITHDRAWAL OF COUNSEL**

A court has wide discretion in granting or denying an attorney's motion to withdraw representation. See Abell v. Babbitt, 176 F.3d 488, 1999 WL 215403, at *2 (10th Cir. April 14, 1999)(unpublished table decision)("The grant or denial of an attorney's motion to withdraw in a civil case is a matter addressed to the discretion of the trial court and will be reversed on appeal only when the trial court has abused its discretion." (quoting Washington v. Sherwin Real Estate, Inc., 694 F.2d 1081, 1087 (7th Cir. 1982)). The local civil rules provide that an attorney may file a

contested motion to withdraw, but

> [t]he attorney must file and serve on all parties, including the client, a motion to withdraw. The attorney must give notice in the motion that objections must be served and filed within fourteen (14) calendar days from date of service of the motion and that failure to object within this time constitutes consent to grant the motion.

D.N.M.LR-Civ. 83.8(b). The local civil rules state: "A corporation, partnership or business entity other than a natural person must be represented by an attorney authorized to practice before this Court." D.N.M.LR-Civ. 83.7. The local civil rules also provide that an attorney withdrawing from the representation of "a corporation, partnership, or business entity other than a natural person" must also "include a notice that the corporation, partnership, or business entity other than a natural person can appear only with an attorney." D.N.M.LR-Civ. 83.8(c). Additionally, D.N.M.LR-Civ. 83.8(c) provides that: "Absent entry of appearance by a new attorney, any filings made by the corporation, partnership or business entity other than a natural person may be stricken and default judgment or other sanctions imposed." D.N.M.LR-Civ. 83.8(c).

## ANALYSIS

The Court believes it is appropriate to permit the Defendants' Counsel to withdraw as the Defendants' counsel in this case. The Defendants' Counsel have adequately demonstrated that they can no longer proceed on their clients' behalf, as the communication between them has broken down, and they have no directions or authority from the Defendants to proceed in this case. The Defendants are effectively operating in a pro se manner at this time. Pursuant to D.N.M.LR-Civ. 83.8(b), the Defendants' Counsel have served on all parties and the Defendants the Motion to Withdraw. They have also given notice in the Motion to Withdraw that "objections must be served and filed within fourteen (14) days from the date of service of the motion and that failure to object within this time constitutes consent to grant the motion." D.N.M.LR-Civ. 83.8(b). See Motion to

Withdraw at 2.  Additionally, pursuant to D.N.M.LR-Civ. 83.8(c), the Defendants' Counsel have given Superior Mechanical notice that it "can appear only with an attorney."  D.N.M.LR-Civ. 83.8(c).  See Motion to Withdraw at 2.

While the Plaintiffs raise some legitimate concerns about their ability to proceed in this case given a potential bankruptcy filing and that the Defendants have already failed to respond to the Motion for Summary Judgment, the Court believes that the difficult position in which the Defendants' Counsel and the Defendants presently find themselves outweighs the Plaintiffs' concerns.  The Individual Defendants must still proceed pro se and argue the Motion for Summary Judgment if they do not obtain new counsel, or else face a default judgment.  Additionally, Superior Mechanical must retain new counsel to argue the Motion for Summary Judgment or else face a default judgment against it.  See D.N.M.LR-Civ. 83.7 ("A corporation, partnership or business entity other than a natural person must be represented by an attorney authorized to practice before this Court."); D.N.M.LR-Civ. 83.8(c) ("Absent entry of appearance by a new attorney, any filings made by the corporation, partnership or business entity other than a natural person may be stricken and default judgment or other sanctions imposed.").  Given that the case will still proceed even if the Defendants do not obtain new counsel, the Court concludes that the Plaintiffs will not suffer material prejudice from the Court granting the Motion to Withdraw.  The Court can remedy any prejudice by promptly setting a hearing on the Motion for Summary Judgment.  The Court will orally grant the motion to withdraw, but will delay entering the written order a few days to allow the Defendants' Counsel to see if they can get the clients to agree to a stipulated order.  The Court will also set a hearing on the Motion for Summary Judgment so that there is not undue delay in addressing that presently unopposed motion.

**IT IS ORDERED** that the Motion for Permission to Withdraw as Counsel for Defendants,

filed October 14, 2011 (Doc. 35) is granted.  Keleher & McLeod and Jackson Lewis LLP no longer represent the Defendants.  Defendants Wendell Harger, Mark Harger, and Ullricki Harger, must still proceed pro se and argue the Plaintiffs' Motion for Summary Judgment Against Defendants and Supporting Memorandum, filed September 30, 2011 (Doc. 33), if they do not obtain new counsel, or else face a default judgment.  Additionally, Defendant Superior Mechanical Contractors, Inc. must retain new counsel to argue the Motion for Summary Judgment or else face the Court entering a default judgment against it.

                                                     _____
                                                     UNITED STATES DISTRICT JUDGE

*Counsel:*

William George Walker
Walker & van Heijenoort PC
Albuquerque, New Mexico

      *Attorneys for the Plaintiff*

Danny W. Jarrett
Jackson Lewis, LLP
Albuquerque, New Mexico

-- and --

S. Charles Archuleta
Keleher & McLeod
Albuquerque, New Mexico

      *Attorneys for the Defendants*