**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

Trustees of the NEW MEXICO PIPE TRADES HEALTH
& WELFARE TRUST FUND; Trustees of the NEW MEXICO
PIPE TRADES JOINT APPRENTICESHIP TRUST
FUND; Trustees of the NEW MEXICO PIPE TRADES PENSION
PLAN B TRUST FUND, Trustees of the PLUMBERS &
PIPEFITTERS NATIONAL PENSION PLAN;
Trustees of the INTERNATIONAL TRAINING TRUST FUND,
and BUILD NEW MEXICO,

        Plaintiffs,

v.                         No. CIV 10-1032 JB/KBM

SUPERIOR MECHANICAL CONTRACTORS, INC.,
a New Mexico Corporation,

        Defendant.

## STIPULATED FINAL JUDGMENT

    **THIS MATTER** having come on for hearing on November 10, 2011 on the Parties'
Proposed Stipulation as to Final Judgment as to Counts I, III, and IV of the First Amended
Complaint, and the Parties having contemporaneously resolved and Stipulated to the Dismissal
of Count II and the Hargers as individual Defendants, the Court having reviewed the Pleadings,
and being further advised:

**FINDS:**

    1.    Plaintiffs filed the Complaint in this action on November 1, 2010 and the First
Amended Complaint on November 18, 2010 pursuant to §§ 502 and 515 of the Employee
Retirement Income Security Act of 1974, as amended, 29 USC §§ 1132 and 1145, respectively
("ERISA").  Plaintiffs are collectively bargained multiemployer welfare benefit trust funds within
the meaning of §3(1) of ERISA, 29 USC §1002(1).

    2.    Defendant Superior Mechanical Contractors, Inc. is a corporation organized
under the laws of New Mexico, is doing business in New Mexico, is an employer within the

meaning of §§3(5) and 515 of ERISA, 29 USC §§1002(5) and 1145, is engaged in an industry affecting commerce, and is a party to a written Collective Bargaining Agreement ("CBA") with the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United State and Canada, Local Union 412 ("Union"), a labor organization as defined by §2(5) of the LMRA, 29 USC §152(5), which represents employees in an industry affecting commerce.

3.     Plaintiffs originally named Wendell Harger, Mark Harger and Ullricki Harger (the "Hargers"), the Officers and Directors of Superior Mechanical Contractors, Inc., as Defendants and  following full payment of all claims of Count II of the First Amended Complaint and concurrent with the entry of this Stipulated Final Judgment the Parties have agreed to a Stipulated Dismissal of Count II of the Complaint and a dismissal and release of all claims against the individual Defendants Wendell Harger, Mark Harger, and Ullricki Harger from the above numbered cause of action.

4.     Pursuant to the CBA Defendant employed workers covered by the provisions of the CBA and those workers performed work and labor required by Defendant, and Defendant was required to promptly report and make monthly fringe benefit payments to the Trust Funds for each employee-hour worked.  Defendant also agreed to and was bound by all the terms and conditions of the Agreements and Declarations of Trust of the Trust  Funds ("Trust Agreements").

5.     This Court has jurisdiction pursuant to 29 USC § 1132(e)(1) and venue is proper under § 502(e)(2) of ERISA, 29 USC § 1132(e)(2).

6.     Defendant did not timely pay all of its fringe benefit contributions to Plaintiffs and owes them to Plaintiffs plus late fees, interest, liquidated damages, audit fees, attorneys fees and costs per the terms of the Trust Agreements, Collection Procedures, and ERISA.

7.      Plaintiffs incurred attorneys fees, audit fees, and costs as a result of Defendant's failure to pay delinquent contributions and are entitled to an award of attorneys fees and costs, pursuant to the CBA, Trust Agreements, Collection Procedures and § 502(g)(2)(D)  of ERISA, 29 USC § 1132 (g)(2)(D).

8.      Defendant Superior Mechanical Contractors, Inc. is liable to the Plaintiffs for the full amount of uncollected, delinquent fringe benefit contributions, interest, liquidated damages, attorneys fees at $300.00 per hour, legal assistant fees at $100.00 per hour, actual audit fees, costs, and gross receipts taxes in the amount of **$150,590.83,** is responsible for filing Employer Reporting Forms identifying all fringe benefit contributions owed to the Plaintiffs and payment of fringe benefit contributions as provided in the Collective Bargaining Agreement, and is responsible for maintaining a bond with the Plaintiffs as Obligees in the minimum amount of $10,000.00 or an amount as specified in the Trust Funds' Collections Procedures, the CBA and Trust Agreements.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that Judgment is hereby entered against Defendant Superior Mechanical Contractors, Inc. and in favor of Plaintiffs in the amount of **$150,590.83** for amounts owed by Superior Mechanical Contractors, Inc. to Plaintiffs pursuant to Counts I and IV of the First Amended Complaint as updated through November 4, 2011, as follows:

A.      $16,371.60 in unpaid fringe benefits contributions through September 30, 2011 to the Health and Welfare Trust Fund; $1,704.80 in interest at 18% per annum calculated through November 4, 2011 on those delinquent fringe benefit contributions; and $6,775.74 in liquidated damages at 18% per annum calculated through November 4, 2011.

B.      $1,900.28 in unpaid fringe contributions through September 30, 2011 to the Joint Apprenticeship Trust Fund; $197.90 in interest at 18% per annum calculated through November

4, 2011 on those delinquent fringe benefit contributions; and $786.48 in liquidated damages at 18% per annum calculated through November 4, 2011.

C.      $2,095.13 in unpaid fringe contributions through September 30, 2011 to the Pension Plan B Trust Fund.

D.      $7,626.75 in unpaid fringe benefit contributions through September 30, 2011 to the National Pension Plan; $190.35 in interest at 12% per annum calculated through November 4, 2011 on those delinquent fringe benefit contributions; and $2,453.36 in liquidated damages at 10% per annum calculated through November 4, 2011 on those delinquent fringe benefit contributions.

E.      $292.35 in unpaid fringe benefit contributions through September 30, 2011 to the International Training Fund; $21.87 in interest at 12% per annum calculated through November 4, 2011 on those delinquent fringe benefit contributions; and $165.47 in liquidated damages at 20% per annum calculated through November 4, 2011 on those delinquent fringe benefit contributions.  F.      $58.47 in unpaid fringe benefit contributions through September 30, 2011 to Build New Mexico.

G.      $2,700.00 in late filing fees for the work months of March 2010  – August 2011.

H.      $76,650.00 in attorneys fees, $14,930.00 in legal assistant fees, audit fees of $7,520.97, costs of $1,738.71, and gross receipts taxes of $6,410.60 through November 4, 2011.

I.      Defendant is further ordered to timely report its monthly fringe benefit contributions to Plaintiffs as required by the Trust Funds' Collection Procedures, CBA and Trust Agreements and to maintain or post a bond or other form of security in the amount of $10,000.00 in favor of Plaintiffs as required by the Collection Procedures as adopted by the Trustees of the New Mexico Pipe Trades Trust Funds to secure and protect the Plaintiffs from

potential future delinquent fringe benefit contributions owed to Plaintiffs by Defendant on current and future projects and work.

      J.      Post-judgment interest at the highest rate allowed by law.

      This Final Judgment resolves all claims before the Court and the Court dismisses the case with prejudice.

_____
**UNITED STATES DISTRICT JUDGE**

**APPROVED BY:**

WALKER & VAN HEIJENOORT, PC

By: /s/ William G. Walker_____
     William G. Walker
     4263 Montgomery NE, Suite 230
     Albuquerque NM 87109
     Tel : (505) 242-2800

KELEHER & McLEOD, P.A.

By:  Telephonic Approval on November 10, 2011
     S. Charles Archuleta, Esq.
     201 Third Street NW, 12th Floor
     Albuquerque, NM  87102
     Tel: (505) 346-4646